IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| TAMMY V. HIATT, | ) CASE NO. 4:09CV00021 |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| COMMISSIONER OF SOCIAL SECURITY, | ) By: B. Waugh Crigler |
| | ) U. S. Magistrate Judge |
| Defendant. | ) |

This challenge to a final decision of the Commissioner which denied plaintiff's February 21, 2006 protectively-filed applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

In a decision issued on May 23, 2007, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date, February 7, 2006, and that she met the insured status requirements under the Act through June 30, 2010. (R. 17.) The Law Judge determined plaintiff suffered severe impairments, but that she did not have an impairment or combination of impairments which met or equaled a listed

impairment. (R. 17, 23.) The Law Judge found that plaintiff maintained the residual functional capacity ("RFC") to perform a wide range of sedentary exertional work which allows for an alternate sit/stand option to change positions as needed. (R. 24.) The Law Judge specifically found that she can lift/carry up to ten pounds and has no significant postural, manipulative, visual, communicative, or environmental limitations. (*Id.*) The Law Judge was of the belief that plaintiff's RFC precluded her from performing her past relevant work[1], but that other jobs exist in significant numbers in the national economy that she can perform. (R. 27-28.) The Law Judge ultimately found she was not disabled under the Act. (R. 29.)

Plaintiff appealed the Law Judge's May 23, 2007 decision to the Appeals Council. (R. 6-8.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 6.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In her motion for summary judgment, plaintiff initially argues that the Law Judge erred in

---

[1] Plaintiff's past relevant work included that of a medical assistant, pharmacy technician, and deli clerk. (R. 27.)

2

finding that her spinal infection was not a severe impairment because it did not last for a continuous period of at least twelve months. (Pl's Brief, pp. 10-11.) Plaintiff contends that while the condition itself did not last for a continuous period of twelve months, the side effects of the condition did. (Pl's Brief, p. 11.) Under the regulations, a "severe" impairment must satisfy the so-called duration requirement which requires that the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509, 416.909.

The Law Judge noted that plaintiff suffered a serious spinal infection in February 2006. (R. 21.) However, he was of the belief that the evidence showed that the infection resolved in less than twelve months. (*Id.*) This finding is supported by substantial evidence.

The evidence reveals that plaintiff was in the hospital at Wake Forest University Baptist Medical Center from February 7, 2006 until March 1, 2006. (R. 150-340.) During that time, plaintiff was treated for a MRSA infection[2]. (R. 150.) Upon discharge, plaintiff was sent home with antibiotics. (R. 152.) On April 21, 2006, James E. Peacock, M.D., a specialist in infectious diseases, found that plaintiff's status had progressively improved, and that there were no persisting indications that the infection was unresolved. (R. 426.) On November 28, 2006, plaintiff reported that she had ended her course of antibiotic treatment two weeks prior to the visit. (R. 528.) Thus, there is substantial evidence to support the finding that plaintiff's spinal infection did not meet the durational requirement.

Plaintiff's argument that the Law Judge failed to account for the side effects of the

---

[2]MRSA refers to methicillin-resistant staphlococcus aureaus, which are any of several bacterial strains that are resistant to beta-lactam antibiotics. http://www.merriam-webster.com/dictionary/mrsa%20

infection, namely ongoing pain in her back and legs, lasted more than twelve months, also lacks merit. In his decision, the Law Judge found that plaintiff was treated for back and leg pain which precluded her from heavy lifting and carrying. (R. 21.) Thus, the Law Judge's RFC accounted for the side effects plaintiff alleges resulted from her MRSA infection.

Next, plaintiff contends that the Law Judge erred in finding that she did not have an impairment or combination of impairments which meets or equals a listed impairment. (Pl's Brief, pp. 12-16.) Specifically, plaintiff argues that her medical impairments are sufficiently severe to meet § 1.00 and § 9.08(A) of the Listings, 20 C.F.R. Part 4, Appendix 1. (Pl's Brief, pp. 12-15.) She further argues that the combination of her numerous impairments render her completely unable to maintain any sense of normal daily activities. (Pl's Brief, pp. 15-16.) The undersigned disagrees.

Section 1.00 of the Listings addresses musculoskeletal impairments and provides that "a musculoskeletal impairment . . . . is defined as the inability to ambulate effectively on a sustained basis . . . . or the inability to perform fine and gross movements effectively on a sustained basis." 20 C.F.R. Part 4, Appendix 1, § 1.00(B)(2)(a). While citing this Listing generally, plaintiff has not identified which Listing she believes is applicable to her musculoskeletal condition.

Listing § 9.08(A) covers diabetes mellitus and requires a showing of "[n]europathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station."

Plaintiff has the burden of proving that her impairments, alone or in combination, meet or equal a listed impairment. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the claimant has the burden of showing that he has a medically severe impairment or combination of

impairments and that the Act requires him to furnish medical evidence regarding his condition); *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir.1992) (stating that the burden of production and of proof is on the claimant to establish that he has an impairment that meets or equals a listing).

The Law Judge evaluated plaintiff's musculoskeletal complaints under Listing § 1.00 and found the evidence failed to establish that she suffered ineffective ambulation or an inability to perform fine and gross movements effectively. (R. 23-24.) The Law Judge further found that the record did not establish the existence of an upper extremity impairment which would be expected to limit fine or gross movement. (R. 23.) Moreover, the Law Judge evaluated plaintiff's diabetes under Listing § 9.08 Sections A and B. (R. 24.) Plaintiff's argument seems to address the findings under § 9.08(A), and the Law Judge found that the record did not establish the existence of neuropathy demonstrated by significant and persistent disorganization of motor function in two extremities causing a sustained disturbance of gross and dexterous movements, gait or station. (R. 24.) Here, too, there is substantial evidence in the record to support both findings.

The record reveals that plaintiff was evaluated on February 28, 2007 at the University of Virginia Health System by a neurologist, Rebecca Erwin, M.D. (R. 482-486.) At that time, Dr. Erwin found that plaintiff had a normal tone throughout her upper and lower extremities with a 5/5 strength in the upper and lower extremities. (R. 484.) The neurologist determined that plaintiff experienced some difficulty walking, but that she was able to walk with a normal stride length, arm swing, and normal posture, and she was able to walk on her toes, heels, and tandem walk. (*Id.*) Dr. Erwin found that plaintiff suffered only a mild decreased sensation in her lower extremities. (*Id.*)

Plaintiff has alleged tingling in her hands, which she has attributed to carpal tunnel

5

syndrome, but the record does not establish that plaintiff's upper extremities are limited to the point her fine and gross movement is limited. At most, the record reveals a "slight" tremor of outstretched hands. (R. 491.) Moreover, plaintiff has not alleged disability caused by an upper extremity impairment (R. 81), and her Function Reports reveal that she does not experience difficulties using her hands (R. 98, 133).

Finally, plaintiff argues that the Law Judge erred in finding that her RFC permitted her to perform a wide range of sedentary work. (Pl's Brief, pp. 16-19.) Plaintiff's asserts that the Law Judge's RFC finding is based on his belief that she was "not entirely credible," yet she argues that her allegations are consistent with the opinions offered by her treating sources. (Pl's Brief, p. 16.)

Under the regulations and applicable circuit decisional authority, a Law Judge and the Commissioner must consider the following in evaluating and weighing medical opinions: "'(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005)).

In support of her argument, plaintiff references primarily the opinions offered by Charles L. Branch, Jr., M.D, and S. Robertson, FNP. Dr. Branch, a specialist in neurosurgery, treated plaintiff at Wake Forest Baptist Medical Center. The pertinent part of Dr. Branch's notes state that plaintiff would "need to consider long-term disability." (R. 515.) S. Robertson, FNP[3]

---

[3] Although Robertson does not qualify as an "acceptable medical source" under the regulations, she does qualify as an "other source." *See* 20 C.F.R. §§ 404.1513(a), (d); 20 C.F.R.

treated plaintiff at the Free Medical Clinic of Martinsville and Henry County. In an undated letter, Robertson opined that plaintiff's depression and panic attacks render her "unable to function in a work environment with the stresses attendant to any job." (R. 500.) Robertson further opined that plaintiff was "totally and permanently disabled." (*Id.*) The Law Judge found that Robertson's and Dr. Branch's statements regarding disability were entitled to "no significant weight." (R. 27.) The undersigned agrees.

The statements of disability are not consistent with the other evidence of record. For instance, other than plaintiff's MRSA, which resolved in less than twelve months, plaintiff received rather routine treatment for her medical conditions. Moreover, the issue of disability is reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1527(e), 416.927(e) (statements by a physician that a claimant is "disabled" and "unable to work" are decisions reserved to the Commissioner).

Plaintiff also refers to statements from Dr. Peacock in support of her contention that the Law Judge failed to give proper weight to her treating sources. Dr. Peacock, a physician who specializes in infectious disease, treated plaintiff for her MRSA infection beginning in February 2006. Dr. Peacock wrote a letter to plaintiff's counsel dated March 12, 2007 in which he noted that plaintiff has "significant limitation in her ability to perform activities of daily living due to persistent neurological dysfunction." (R. 517.) Even so, Dr. Peacock conceded in the letter that plaintiff's disability would be more appropriately addressed by a neurologist, neurosurgeon, or disability expert. (R. 516-517.)

The Law Judge's finding that plaintiff could perform sedentary exertional work is

---

§§ 416.913(a), (d).

supported by the State agency record reviewing physicians. Richard Surrusco, M.D. evaluated plaintiff's medical records and completed a physical assessment. (R. 388-393.) He opined that plaintiff was capable of performing light work[4], and his opinion was echoed by another record reviewer, Robert McGruffin, M.D. (R. 454-460.)

For these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

2-18-10
Date

---

[4] If an individual can perform light work, she also can perform sedentary work. *See* 20 C.F.R. §§ 404.1567(b), 416.967(b).