IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| TAMMY V. HIATT, ) | |
| ) | Case No. 4:09CV00021 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | By: Jackson L. Kiser |
| ) | Senior United States District Judge |
| Defendant. ) | |

Before me is the Report and Recommendation ("R&R") of the United States Magistrate Judge recommending that I grant the Commissioner's Motion for Summary Judgment, affirm the Commissioner's final decision, and dismiss the case from the docket of this Court. Plaintiff filed objections to the R&R, and the Commissioner filed a response to Plaintiff's objections. I have reviewed the Magistrate Judge's recommendation, Plaintiff's objections, the Commissioner's response, and the relevant portions of the record. The matter is now ripe for decision. For the reasons stated below, I will **ADOPT** the Magistrate's Report and Recommendation, **GRANT** the Commissioner's Motion for Summary Judgment, **AFFIRM** the Commissioner's final decision, and **DISMISS** this case from the docket of the court.

**I.     STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Tammy V. Hiatt ("Plaintiff") quit her job as a Kroger deli clerk in October 2005 to help take care of her pregnant daughter. (R. 81-82, 581, 583.) A few months later, Plaintiff suffered a spinal infection from a surgical procedure. (R. 582-83.) Because of this, on February 21, 2006, Plaintiff protectively filed an application for disability insurance benefits and supplemental security income under the Social Security Act ("Act") (42 U.S.C. §§ 401-433, 1381-1383f)

1

alleging disability beginning February 7, 2006. (R. 74-79, 570-76.) Plaintiff alleges she is disabled because of back pain, leg pain, diabetes, migraines, high cholesterol, depression, carpal tunnel syndrome, nerve damage from diabetes, hypertension, episodes of falling, shortness of breath, eye problems, and weakness. (See, e.g., R. 81, 420, 589-99.)

Plaintiff's claims were denied at the initial level and upon reconsideration. (R. 30-31, 53-62, 555-56, 561-69.) At Plaintiff's request, a hearing was held before an Administrative Law Judge ("ALJ") on April 17, 2007. (R. 52, 577-617.) On May 23, 2007, the ALJ issued a decision concluding that Plaintiff was not disabled because her residual functional capacity ("RFC") permitted her to perform a significant number of sedentary jobs existing in the national economy. (R. 15-29.) On May 11, 2009, the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision final for purposes of judicial review. (R. 6-11.)

Having exhausted her administrative remedies, Plaintiff appealed to this Court. On February 18, 2010, United States Magistrate Judge B. Waugh Crigler issued an R&R recommending I affirm the Commissioner's final decision and grant the Commissioner's Motion for Summary Judgment. Plaintiff filed a timely objection to the R&R on March 4, 2010, to which the Commissioner filed a response on March 9, 2010.

## II.    STANDARD OF REVIEW

Congress has limited judicial review of decisions by the Commissioner of Social Security. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. 42 U.S.C. § 405(g); see also Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Mastro v. Apfel, 270 F.3d 171, 176

2

(4th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545. The regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927. If the ALJ's resolution of conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. Laws, 368 F.2d at 642.

## III.   DISCUSSION

Plaintiff raises three objections to the R&R. First, Plaintiff contends Magistrate Judge Crigler erred in finding substantial evidence supports the ALJ's conclusion[1] that Plaintiff's spinal infection failed to meet the twelve-month duration requirement under the Act. See 20 C.F.R. §§ 404.1509, 416.909. As the Magistrate Judge correctly indicated, however, substantial evidence supports the ALJ's conclusion. Plaintiff initially sought treatment for her infection in February 2006. Doctors determined the best course of action would be to place her on an antibiotic regimen, which Plaintiff successfully completed in November 2006.[2] Dr. James E. Peacock, a specialist in infectious diseases and one of Plaintiff's main treating physicians, found nothing to suggest Plaintiff' infection persisted beyond June 2006. Dr. Charles L. Branch, another of Plaintiff's treating physicians, concurred with Dr. Peacock's opinion based on Plaintiff's October

---

[1] Plaintiff's actual objection argues that Magistrate Judge Crigler erred in finding Plaintiff did not meet the duration requirement. This argument demonstrates Plaintiff's failure to appreciate the role of the Magistrate Judge's R&R and, more generally, the standard of review in a social security appeal. The Magistrate Judge did not find that Plaintiff's spinal infection failed to meet the duration requirement; he simply concluded that substantial evidence supported the ALJ's finding. (R&R 2-4.)

[2] This means Plaintiff completed her antibiotic regimen within approximately ten months of the infection's appearance—well below the twelve-month threshold.

3

2006 lab results. In short, the ALJ's conclusion that Plaintiff's spinal infection did not satisfy the duration requirement is not merely supported by substantial evidence; it is supported by essentially all of the evidence on record. Because of this, the ALJ did not err in finding that the infection failed to constitute a "severe" impairment within the meaning of the Act. See §§ 404.1509, 416.909.

Plaintiff contends that a statement from Dr. Peacock indicating Plaintiff's "illness and the sequelae thereof" lasted greater than twelve months renders the ALJ's decision clearly erroneous.[3] Plaintiff's reliance on that statement is misplaced. The letter notes that Plaintiff's cumulative set of ailments—not just the spinal infection—persisted for more than twelve months. It does not contradict the ALJ's conclusion that Plaintiff's spinal infection was resolved within a year's time, and, therefore, it does not support her argument.

In her second objection, Plaintiff argues the Magistrate Judge erred in concluding substantial evidence supports the ALJ's finding that Plaintiff's impairments did not meet the listed impairment for diabetes mellitus found in section 9.08. See 20 C.F.R. pt. 404, subpt. P, app. 1, § 9.08(A). To meet that listing, Plaintiff had to establish "[n]europathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station." Id. According to Plaintiff, the record contained "numerous findings of neurological damage to both [Plaintiff's] upper and lower extremities," so the ALJ's decision was in error. This argument is unpersuasive.

Regarding her upper extremities, Plaintiff never alleged any disability based on an upper extremity impairment. Although she mentioned a diagnosis of carpal tunnel syndrome in her testimony before the ALJ, she never submitted any medical evidence to support that claim. At

---

[3] The full quote is as follow: "Whether Ms[.] Hiatt's disability will last for more than 12 months: Ms[.] Hiatt's initial illness had onset in early February, 2006. To date, that illness and the sequelae thereof have extended for greater than 12 months."

4

most, the only evidence on record tending to show any limitation in Plaintiff's upper extremities is a single doctor's statement that Plaintiff's hands exhibit a "slight tremor" when outstretched. In contrast, the record contains multiple facts bolstering the ALJ's conclusion that Plaintiff's upper extremities are not disabled in the fashion described in section 9.08. For instance, in both February and March of 2006, Dr. Vincent K. Jones found Plaintiff had a good range of motion and 5/5 strength throughout all of her extremities. Likewise, in March 2006, Dr. Sarba Kundu of the Wake Forest University Baptist Medical Center noted Plaintiff's extremities were within normal limits. In May 2006, Dr. Richard Surrusco, a state agency physician, performed an RFC evaluation of Plaintiff and concluded she was capable of lifting and carrying twenty pounds occasionally and ten pounds frequently. In August 2006, Dr. Robert McGuffin, another agency physician, conducted another RFC assessment and reached the same conclusion as Dr. Surrusco.

Likewise, regarding her lower extremities, the record supports the ALJ's finding that Plaintiff's ailments do not meet or equal the impairment listed in section 9.08. As noted above, in February and March of 2006, Drs. Jones and Kundu concluded Plaintiff had a good range of motion and full strength in her extremities. In April 2006, Dr. Peacock noted Plaintiff had no motor deficits, "especially in her lower extremities." In May 2006, Dr. Surrusco determined she could stand and walk for approximately six hours in an eight-hour workday. Dr. McGuffin's August 2006 assessment confirmed Dr. Surrusco's findings. In October 2006, Dr. Peacock concluded Plaintiff's difficulties in walking and balance had "markedly improved." He also noted Plaintiff's responses to sensation testing were "very inconsistent." While the doctor recognized Plaintiff had slightly diminished strength in her left leg, he found her muscle strength to be 5/5 throughout the lower right extremity. In March 2007, Dr. Rebecca Erwin concluded Plaintiff exhibited 5/5 strength throughout her lower extremities and walked with a normal stride

length and posture. In short, no medical evidence on record contradicts the ALJ's conclusion that Plaintiff failed to demonstrate a disorganization of motor function in two extremities as required by section 9.08.

Furthermore, Plaintiff's activities belie her claim of an impairment meeting the listing. See 20 C.F.R. §§ 416.912(b)(3), 416.929(a) (indicating the Social Security Administration may consider an applicant's daily activities in determining whether the applicant is disabled). Plaintiff stated she is able to dress and bathe herself, prepare meals, perform light cleaning and laundry, and shop for groceries. She goes outside daily and walks to her neighbors' houses two to three times a week. Most significantly, in March 2007, Plaintiff helped a friend move.[4] Therefore, in addition to the medical evidence, Plaintiff's daily activities indicate she does not suffer the sort of limitations contemplated by section 9.08.

Plaintiff's third objection asserts the ALJ erred by failing to give proper consideration to statements by Dr. Peacock, Dr. Branch, and Nurse Practitioner Sandra Robertson that Plaintiff was "disabled." Plaintiff argues that the ALJ and Magistrate's decisions finding these statements not entitled to any weight are "insulting and suggest[] that three different medical providers would fabricate their findings." This argument demonstrates Plaintiff's failure to comprehend the reason all three opinions were not entitled to significance. By regulation, the determination of whether a social security applicant is disabled is a legal conclusion expressly reserved for the Commissioner. See 20 C.F.R. §§ 404.1527(e)(1), (3); 416.927(e)(1), (3). Where a medical provider comments on a legal conclusion reserved for the Commissioner, the ALJ need not place any heightened evidentiary value on that portion of the opinion. §§ 404.1527(e)(1), (3); 416.927(e)(1), (3). This is especially so when the medical provider's legal conclusions are inconsistent with nearly the entirety of the record. See Morgan v. Barnhart, 142 Fed. App'x 716,

---

[4] The record further indicates that stairs were involved in the move. (R. 501.)

721-22 (4th Cir. 2005).

As discussed above, the overwhelming weight of evidence on record supports the ALJ's determination that Plaintiff retains the ability to work and is not disabled, thereby contradicting the conclusory statement of Nurse Practitioner Robertson. As for Dr. Peacock, Plaintiff's argument is flawed because the doctor explicitly stated "I do not feel that I am competent to provide an assessment of Ms[.] Hiatt's disability status. That decision can best be offered by a physician who specializes in disability medicine." Likewise, Dr. Branch did not say Plaintiff is disabled; he simply indicated she should "consider long-term disability." Because all three statements go toward a legal conclusion that only the Commissioner was entitled to make, and because all three statements are inconsistent with the remainder of the evidence, the ALJ did not err in refusing to give them any significance.

## IV. CONCLUSION

For the reasons stated above, I will **ADOPT** the Magistrate Judge's Report and Recommendation, **GRANT** the Defendant's Motion for Summary Judgment, and **DISMISS** this case from the active docket of the Court.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

Entered this 12th day of April, 2010.

s/Jackson L. Kiser
Senior United States District Judge
